IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FRANCISCO ESPINOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-158-M-BR |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Before the Court is Defendant Texas Department of Criminal Justice's ("TDCJ") Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) ("Motion to Dismiss") (ECF 28) with TDCJ's brief in support and Plaintiff Francisco Espinoza's ("Plaintiff's") Response to the motion (ECF 29). The undersigned recommends the Motion to Dismiss be GRANTED and Plaintiff's Second Amended Complaint be DISMISSED.

## I. BACKGROUND

On July 9, 2019, Plaintiff, originally proceeding *pro se*, filed this civil rights lawsuit, alleging multiple defendants violated his constitutional rights under 42 U.S.C. § 1983. (ECF 1 at 1, 3–4, 10). After obtaining counsel, Plaintiff filed his First Amended Complaint. (*See* ECF 16–17). Summons was served on Lorie Davis, Director of TDCJ, and TDCJ filed a motion to dismiss in lieu of an answer to the First Amended Complaint. (*See* ECF 19–20). In Response to the first motion to dismiss, Plaintiff requested to amend his pleadings. (*See* ECF 22 at 15). The Court granted Plaintiff leave to amend in lieu of addressing the first motion to dismiss and specifically required Plaintiff to "incorporate *all factual and legal claims* against any and all defendants that

Plaintiff intends to pursue. Further, Plaintiff may NOT incorporate any portion of prior complaints *by reference* (e.g. file a supplemental complaint), but rather must state all claims in a single amended complaint, for clarity." (ECF 26 at 1–2 (emphasis in original)). Plaintiff subsequently filed the live pleading, Plaintiff's Second Amended Complaint, *solely* naming TDCJ as the Defendant. (*See* ECF 27 at 1–2).

By the Second Amended Complaint, Plaintiff sues TDCJ for federal constitutional violations (Fourth, Eighth, and Fourteenth Amendment) pursuant to 42 U.S.C. § 1983 and state claims under the Texas Tort Claims Act ("TTCA"). (*See* ECF 27 at 1, 3, 5). Plaintiff alleges that, on August 27, 2017, and on subsequent unidentified dates, while incarcerated in TDCJ, Plaintiff required transport for medical treatment. (*Id*. at 2). Plaintiff asserts that Plaintiff suffered injuries on multiple occasions, as follows:

> due to Defendant's neglect including but not limited to unsafe driving, intentionally speeding up and braking suddenly to throw Plaintiff about the van, lack of seatbelts and/or failure to use seatbelts resulting in Plaintiff being thrown about inside the transport vehicle when encountering sudden stops.

(*Id*). Plaintiff was admitted to the emergency room on August 27, 2017, as a result of one such incident, after sustaining "a comminuted and significantly displaced fracture of the left clavicle and multiple fractured ribs." (*Id*. at 3). Plaintiff claims these injuries were also subsequently sustained in a second accident. (*Id*. at 4). Plaintiff asserts that he "believes" that he was targeted by TDCJ's staff due to the nature of his criminal conviction. (*Id*).

On February 5, 2021, TDCJ filed its Motion to Dismiss and brief in support asserting substantially the same grounds for dismissal as asserted in its previous motion.[1] (*See* ECF 28, 20). TDCJ argues Plaintiff's claims must be dismissed under Federal Rule of Civil Procedure 12(b)(1)

---

[1] TDCJ's initial motion to dismiss (ECF 20) was denied as moot after the Second Amended Complaint and Motion to Dismiss were filed. (*See* ECF 26–29).

because: (1) TDCJ is entitled to immunity under the Eleventh Amendment for Plaintiff's 42 U.S.C. § 1983 claims and Plaintiff's claims under the TTCA; and (2) Plaintiff's TTCA claim fails to invoke the limited waiver of sovereign immunity from suit under the TTCA because the "non-use" of seatbelts does not constitute "use" of tangible personal property. (ECF 28 at 6–8). TDCJ alternatively argues Plaintiff's claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because: (1) Plaintiff acknowledged in writing that his administrative remedies were unexhausted at the time of filing suit, and his later attempts at exhaustion were time-barred; and (2) even if properly exhausted, Plaintiff's claims must be dismissed because Plaintiff fails to allege various essential elements of his claims. (*Id*. at 11–16).

On February 25, 2021, Plaintiff filed a Response. (ECF 29). Plaintiff responds that TDCJ's assertion of sovereign immunity with respect to his TTCA claim "ignores Section §101.021 of the TTCA." (*Id*. at 8). Additionally, Plaintiff responds that the Second Amended Complaint complies with *Twombly* and its progeny, and Plaintiff has stated claims under the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution under 42 U.S.C. § 1983. (*Id*. at 11–14).

## II. LEGAL STANDARD

Rule 12(b)(1) provides that a defendant may file a motion to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In deciding a Rule 12(b)(1) motion to dismiss, the Court may consider:

> (1) the complaint alone;
>
> (2) the complaint supplemented by undisputed facts; or

> (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*King v. U.S. Dept. of Veteran's Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010. Stated differently, the Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the plaintiff cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

Rule 12(b)(6) provides that a defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion to dismiss, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "However, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Ruiz v. Brennan*, 851 F.3d 464, n.5 (5th Cir. 2017) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 555–56, "Factual allegations must be enough to raise a right to relief above the speculative level . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2)'s pleading standard does not require detailed factual allegations, but it demands more than labels and conclusions. *See Iqbal*, 556 U.S. at 678. A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161. "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

## III. ANALYSIS

### A. TDCJ's Motion to Dismiss Plaintiff's Claims under Rule 12(b)(1)

TDCJ argues (1) TDCJ is entitled to immunity under the Eleventh Amendment; and (2) the Texas Tort Claims Act ("TTCA") is not invoked by a state agency's *non-use* of tangible personal

property, thus the limited waiver of sovereign immunity under the TTCA does not apply. (ECF 28 at 6–8). However, TDCJ's argument does not note the significance and/or expanse of the State of Texas's *limited* waiver of sovereign immunity under the TTCA. TDCJ focuses on whether Plaintiff's claim meets the case law construct of the term "use" of tangible personal property as described in section 101.021 of the TTCA. Nevertheless, this argument does not address whether, once the TTCA *is* factually invoked by a claim, a *federal* court would have jurisdiction over the claim, even under pendant jurisdiction.

The waiver of sovereign immunity allowed by the TTCA is valid **in state court only**, and is not valid for a suit brought against a *state agency* in a *federal* court. *See Serwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996) ("By enacting the Texas Tort Claims Act, the state waived its constitutional protection under the Eleventh Amendment *in state court only*.") (emphasis added)). Thus, this Court must still consider its own jurisdiction to address this *state court* claim, especially in light of the Court's determination herein that the Plaintiff's 42 U.S.C. § 1983 claims against TDCJ are also barred by immunity.

First, this Court will address whether TDCJ, indisputably a state agency, has waived Eleventh Amendment immunity for Plaintiff's federal claims for constitutional violations brought pursuant to 42 U.S.C. § 1983 and will then address its jurisdiction over Plaintiff's state court claims under the TTCA. The Court notes that, by his Second Amended Complaint, Plaintiff solely brings claims against TDCJ, a state agency. (*See* ECF 29 at 7) ("Plaintiff has cured Defendant's 12(b)(1) complaint by clarifying that it is the Texas Department of Criminal Justice-Correctional Institutions Divisions, a governmental entity organized and existing under the laws of the State of Texas, which is the Defendant and that service was perfected upon Lorie Davis, its director. Plaintiff does not seek money damages against Davis in her personal capacity."). No other

individuals or agencies or governmental entities are identified as additional parties to this suit. (*See id*). Thus, the Court must determine if immunity from suit bars Plaintiff's Section 1983 claims for monetary damages against TDCJ.

It is well recognized that "[f]ederal court jurisdiction is limited by the Eleventh Amendment and the principle of sovereign immunity that it embodies." *Vogt v. Bd. of Comm'rs of the Orleans Levee Dist*., 294 F.3d 684, 688 (5th Cir.), *cert. denied*, 537 U.S. 1088 (2002); *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72–73 (1996); *Union Pac. R. Co. v. La. Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011). The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. AMEND. XI. Absent waiver by the state of sovereign immunity or a valid congressional override, the Eleventh Amendment bars the institution of a damages action in federal court against a state or state instrumentality. *See Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 389 (1998); *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236 240–41 (5th Cir. 2005). The United States Court of Appeals for the Fifth Circuit has held that Eleventh Amendment immunity "is a jurisdictional issue that 'cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action.' " *McDonald v. Bd. of Miss. Levee Comm'rs*, 832 F.2d 901, 906 (5th Cir. 1987) (quoting *Crane v. Texas*, 759 F.2d 412, 415 (5th Cir.), *cert. denied*, 474 U.S. 1020 (1985)).

"The Eleventh Amendment clearly interposes a jurisdictional bar to suits against a state by private parties who seek monetary relief from the state in the form of compensatory damages, punitive damages, or monetary awards in the nature of equitable restitution, and also to suits

against a state agency or state official when the monied award is to be paid from the state treasury." *Clay v. Tex. Women's Univ.*, 728 F.2d 714, 715 (5th Cir. 1984). "Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt*, 294 F.3d at 688–89 (citations omitted); *see Raj v. La. State Univ.*, 714 F.3d 322, 328–29 (5th Cir. 2013). "In other words, the Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is 'the real, substantial party in interest.' " *Vogt*, 294 F.3d at 689 (quoting *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir.), *cert. denied*, 528 U.S. 1004 (1999)). "The Eleventh Amendment will not bar a suit, though, if the political entity 'possesses an identity sufficiently distinct' from that of the State." *Vogt*, 294 F.3d at 689 (citing *Pendergrass v. Greater New Orleans Expressway Comm'n*, 144 F.3d 342, 344 (5th Cir.), *cert. denied*, 525 U.S. 1054 (1998)).

TDCJ argues that it is entitled to Eleventh Amendment Immunity from Plaintiff's claims brought pursuant to Section 1983. The Fifth Circuit has recognized that "TDCJ is a state agency that enjoys immunity from suit in federal court." *Cox v. Texas*, 354 Fed. Appx. 901, 902 (5th Cir. 2009) (citing *Harris v. Angelina Cnty.*, 31 F.3d 331, 338 n.7 (5th Cir. 1994)); *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998), *cert. denied*, 528 U.S. 851 (1999). Therefore, TDCJ is entitled to Eleventh Amendment immunity unless an exception applies.

"[A] waiver of sovereign immunity must be specific and explicit" and cannot be readily implied. *Petterway v. Veterans Admin. Hosp.*, 495 F.2d 1223, 1225 n.3 (5th Cir. 1974); *see Idoux v. Lamar Univ. Sys.*, 817 F. Supp. 637, 641 (E.D. Tex. 1993) ("Waiver may be found only where the waiver is express or the inference of waiver is overwhelming."). "Congress has not abrogated state sovereign immunity ... under § 1983." *Raj*, 714 F.3d at 328 (citing *Quern v. Jordan*, 440 U.S.

332, 339–340 (1979)); *see Richardson v. S. Univ.*, 118 F.3d 450, 453 (5th Cir. 1997), *cert. denied*, 522 U.S. 1078 (1998). Therefore, the Eleventh Amendment precludes Plaintiff from bringing his 42 U.S.C. § 1983 claims for monetary damages against TDCJ. Further, Plaintiff's Response to the Motion to Dismiss addresses only immunity as it applies to TTCA claims, but not as it applies to his federal claims. (*See* ECF 29). Thus, the undersigned recommends Plaintiff's federal constitutional claims brought pursuant to 42 U.S.C. § 1983 be dismissed as barred by immunity.

The Court now considers whether it has jurisdiction to consider Plaintiff's state law TTCA claim under supplemental jurisdiction. The TTCA only waives sovereign immunity in state court, not federal court. *See Serwinski v. Peterson*, 98 F.3d at 852. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473–74 (1987) (quoting *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99 (1984)) (emphasis in original); *accord Sherwinski*, 98 F.3d at 852.

Additionally, Eleventh Amendment immunity is also applicable to claims brought against the state or its agencies under state law. *See Bernofsky v. Rd. Home Corp.*, 741 F. Supp. 2d 773, 778–79 (W.D. La. 2010) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)) ("In addition to protecting states from suits brought by citizens of other states, it is well-established that the Eleventh Amendment bars a federal court from 'entertain[ing] a suit brought by a citizen against his own State … Eleventh Amendment protection also extends to state law claims brought under pendent jurisdiction.") (emphasis added). Thus, Plaintiff must show that the TTCA allows his claim to be brought in federal court, regardless of whether his factual allegations sufficiently allege that TDCJ's "use" of tangible personal property led to Plaintiff's alleged injuries. Here, Plaintiff has not met his burden to show this Court has jurisdiction; thus, the undersigned

recommends his TTCA claim be dismissed as barred by immunity for this reason, not due to whether his factual allegations allege "use" of tangible personal property.

**B. TDCJ's Motion to Dismiss Plaintiff's Claims under Rule 12(b)(6)**

TDCJ requests the Court dismiss Plaintiffs' claims under Rule 12(b)(6), arguing Plaintiffs' claims are unexhausted or, alternatively, that Plaintiffs failed to state a claim upon which relief can be granted. (*See* ECF 28 at 11–16).

The Court notes that Plaintiff acknowledges in writing that his 42 U.S.C. § 1983 claims were not exhausted prior to filing suit. (*See* ECF 1 at 6; ECF 3; ECF 28 at 12). Thus, these claims would be subject to dismissal pursuant to Rule 12(b)(6). However, as this Court has recommended dismissal of this entire suit as barred by immunity, it will not further analyze whether Plaintiff's claims are barred for failure to exhaust administrative remedies or whether his Second Amended Complaint failed to adequately allege a claim under *Twombly* and its progeny.

## IV. RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States Chief District Judge that TDCJ's Motion to Dismiss (ECF 28) be GRANTED. This District generally allows plaintiffs at least one opportunity to cure pleading deficiencies if such deficiencies may be cured through amendment. *See Wilson v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc.*, No. 3:18-CV-0854-D, 2019 WL 175078, at *8 (N.D. Tex. Jan. 10, 2019). The undersigned notes that Plaintiff has already amended his claims twice, once after obtaining counsel, and once after the first motion to dismiss was filed (*See* ECF 17 and 27), and thus has had opportunities to cure any pleading deficiencies. As the first motion to dismiss gave the Plaintiff notice as to deficiencies in the claims, the undersigned

recommends the Second Amended Complaint be dismissed with prejudice to refiling in federal court.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED May 13, 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).